# L. D. Reese, Appellant, v. O. L. Bartlett, Appellee.

1. WORKMEN'S COMPENSATION ACT, § 2*—*when Workmen's Compensation Act becomes part of contract of employment.* When an employer elects to operate its plant and an employee to perform work for the employer under the Workmen's Compensation Act, such act becomes a part of the contract of employment.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when declaration in action of assumpsit by servant against master sufficient.* A declaration in an action of assumpsit by an employee against his employer to recover compensation for injuries sustained in the course of the employment, alleging that the parties were working and operating under the Workmen's Compensation Act, and, among other proper allegations, that, though requested to do so by the plaintiff, the defendant refused to appoint an arbitrator in accordance with the provisions of the act, is not subject to demurrer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. WORKMEN'S COMPENSATION ACT, § 5*—*when assumpsit and not mandamus lies in action by servant against master.* Where an employer and employee are operating and working under the Workmen's Compensation Act and the employee, having sustained injuries in the course of his employment, requests his employer to name an arbitrator in accordance with the provisions of the act, which request is not complied with, the employee may sue in assumpsit, for breach of contract and will not be compelled to resort to an action of mandamus, as that remedy would not give the plaintiff such speedy relief as he is entitled to.

Appeal from the Circuit Court of Pulaski county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed December 1, 1915.

CHARLES L. RICE and FRED HOOD, for appellant.

WALL & MARTIN, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The defendant in the court below filed a demurrer to plaintiff's declaration, which was sustained by the court, and the plaintiff having elected to stand by his declaration judgment was thereupon rendered against him for costs, and he now seeks a reversal of this judgment.

The declaration contained two counts, the first of which alleges that the plaintiff was employed by the defendant in the manufacturing plant .owned and operated by the defendant, and that on the 24th of February, 1913, while engaged at work for the defendant in removing the back from a dust conveyor near a circular saw which was operated by steam power, he was injured. That such injury consisted of the severing of three fingers and the thumb from his left hand and that such injury arose out of and in the course of plaintiff's employment with the defendant as fireman and

factotum in and about and for the said plant. That his average annual earnings were $624, and that by reason of such injury he became totally disabled for a period of three months. That since his recovery he had only been able to secure casual employment at a much less wage than he was accustomed to receive and was unable to secure regular employment. The declaration further alleges that at the time of the said injury the plaintiff and the defendant were working and operating under the provisions of the Compensation Act of 1911. That on March 1, 1913, plaintiff demanded and requested of the defendant the amount of compensation to which plaintiff was then entitled by virtue of said statute, on account of the injury so received, and that the defendant then and there refused to pay the plaintiff any sum of money as compensation under said act or otherwise. And denied that plaintiff was entitled to compensation under the act because the accident or injury to the plaintiff did not arise out of or in the course of his employment with the defendant, and that a dispute then and there arose between the plaintiff and the defendant of both matters of law and fact. That the defendant refused to agree with plaintiff with reference thereto. It is further alleged that after the plaintiff and defendant had failed to reach an agreement upon the said disputed questions of law and fact, the plaintiff on April 1, 1913, selected a disinterested party to act as arbitrator and then and there requested the defendant to select a disinterested party to act as such arbitrator, in accordance with said statute, which the defendant then and there refused and still does refuse to appoint such arbitrator. That the defendant also refused to pay the said sum of money there mentioned or any part thereof to the plaintiff. The second count of the declaration is substantially the same as the first. To this was also added the common counts which concluded in the usual form in alleging the damages sustained by the plaintiff in

the amount of one thousand dollars. The demurrer to this declaration was sustained. The question presented by this demurrer and argued by counsel for appellant and appellee is, Can the appellant sue in assumpsit and recover compensation for an injury received after he had selected an arbitrator, as provided by the statute, and the appellee had refused to select an arbitrator upon request so to do by the appellant, and while the plaintiff and the defendant were operating under the Compensation Act of 1911? It is very clear from the language of this statute that when a dispute arose between the appellant and appellee as to the facts and law involved in the case that it became their duty to submit the matters so in dispute to arbitrators, in the manner required by statute.

It further appears from the allegations of this declaration that there were questions of law and fact in dispute between these parties. That the appellant selected an arbitrator and demanded that appellee also select one for the purpose of settling such dispute. This the appellee refused to do and by such refusal no arbitration could be had of the differences between them, as the statute provided no means of selecting such arbitrator when either of the parties refused to so select.

The declaration alleges, and it is admitted by this demurrer, that the injury was sustained while plaintiff was engaged at work for the defendant, and that such injury did arise out of and in the course of the employment. When the defendant elected to operate its plant and the plaintiff to perform work for the defendant under the compensation act aforesaid, then such act became a part of the contract entered into between these parties for the performance of this work. It is said by the Supreme Court, in commenting upon this particular statute, that: ''Having once elected to come within the provisions of the act, as long as such election remains in force the act is effective as to the

party or parties making the election, and in case an employer and employee both elect to come within the provisions of the act, the act itself then becomes a part of the contract of employment and can be enforced as between the parties as such." *Deibeikis v. Link-Belt Co.*, 261 Ill. 465 (5 N. C. C. A. 401). If it be true that the election to come under the provisions of this act made the act itself a part of the contract between the parties, then each party was bound to perform whatever was required by such contract, and a failure upon the part of either to do the things required of such party, by such statute, would constitute a breach of such contract. In this case the appellee refused to select an arbitrator when demanded so to do, and under such circumstances, as appears from the averments of this declaration, he was bound to make such selection, and having failed and refused to make the selection, it appears to us that such failure constituted a breach of the contract existing between these parties. Such failure and refusal upon the part of the appellee did exist, and we can see no reason why appellant should not have a right of action against the appellee in assumpsit for the breach of this contract. If such conditions existed as to warrant the appellee in refusing to select an arbitrator, then there could be no breach of the contract in that respect, but this is a matter that should be determined by the court upon a hearing. It is said by counsel for appellant that: "We have an action based upon the act itself, reciting its very terms and alleging that employer and employee were operating under its provisions, and for a jury to render a verdict under it, they must make the computations according to its provisions, etc." He also says: "Both the plaintiff and defendant contracted and agreed with each other that the defendant was relieved from any liability to pay damages, except as provided in the act, according to section 1 thereof," and that no common law or statutory right to recover damages for

the injury other than the compensation in such statute provided was available to an employee operating under this act. It may be that if it appears upon a trial that there has been a breach of this contract and that as the parties have made a specified contract with reference to the compensation, that in assessing damages this contract should be taken into consideration in determining the amount of damages, but that question is not before us and is not necessary to be determined, for if the appellant had a contract with the appellee and there was a breach of the contract, then he was entitled to sue for this breach, and the question of the amount of damages could be determined upon the trial. It is said by counsel for appellee that if the appellee refused to select an arbitrator that then the appellant's remedy would be to resort to a mandamus. Waiving the question of the right to an action of mandamus in such cases this, in our judgment, would not be giving appellant such speedy relief as he is entitled to receive, if there was in fact a breach of his contract. The contract and the breach are set out in this declaration and we cannot see why such declaration should not be sustained. We are of the opinion that the declaration sets out a good cause of action in assumpsit and that the lower court erred in sustaining the demurrer thereto, and the judgment of the lower court is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*